# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 10-5149　　　　　　　　　　　　　　　September Term 2010

1:09-cv-00562-JDB

**Filed On:** October 19, 2010

David Sieverding and Kay Sieverding,

　　　　Appellants

　　v.

United States Department of Justice,

　　　　Appellee

**BEFORE:**　Rogers, Griffith, and Kavanaugh, Circuit Judges

### O R D E R

　　Upon consideration of appellants' procedural motions under Federal Rule of Appellate Procedure 10(e)(2)(C); the motion for summary affirmance, the oppositions thereto, and the reply; the motion for judicial notice; the motion for leave to adduce additional evidence; appellants' brief; the motion for settlement conference; and the motion to "recognize Nye v. U.S. and Klein v. U.S. as applicable," it is

　　**ORDERED** that appellants' procedural motions under Rule 10(e)(2)(C) be denied. That rule provides no basis for the court to order appellee to clarify issues for appellants' benefit. It is

　　**FURTHER ORDERED** that the motion for judicial notice be denied. Federal Rule of Evidence 201 applies only to "Judicial Notice of Adjudicative Facts," and the facts appellants propose for judicial notice are not adjudicative facts on appeal. It is

　　**FURTHER ORDERED** that the motions for leave to adduce additional evidence, for settlement conference, and to recognize precedents as applicable, be denied. It is

　　**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Although appellants purport to seek damages under the Administrative Procedure Act, the citations in their brief in support of this damages claim are to the Privacy Act. In any event, appellants have not provided any factual basis for determining there was any "intentional or willful" violation by the agency entitling them to damages under the Privacy Act. 5 U.S.C. 552a(g)(4). Appellants have forfeited the other four issues they

# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 10-5149**　　　　　　　　　　　　　　　　　　**September Term 2010**

raise on appeal because their complaint did not provide sufficient notice of these claims.  See Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009) ("A complaint must give the defendants notice of the claims and the grounds upon which they rest."); Potter v. District of Columbia, 558 F.3d 542, 550 (D.C. Cir. 2009) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (internal quotation marks omitted)).

　　　　Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**